IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                          **CAUSE NO. 1:14CR40-LG-RHW-2**

**DAMIAN LAMAR REESE**

### ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

**BEFORE THE COURT** is the [58] Motion for Early Termination of Supervised Release filed by Defendant Damian Lamar Reese. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Motion should be denied.

### BACKGROUND

Reese pled guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. § 846. On June 9, 2015, the Court sentenced Reese to sixty months of imprisonment and five years of supervised release. After he was released from prison, Reese violated the conditions of supervision by possessing codeine, a Schedule V controlled substance. At a revocation hearing held on May 26, 2021, he was sentenced to time served with thirty-six months of supervised release to follow incarceration. Reese filed the present Motion seeking termination of supervised release on August 1, 2023, asserting that (1) he maintains constant contact with his probation officer; (2) he has paid all fines; (3) he has completed trucking school and obtained a commercial driver's license; (4) he has owned and operated a trucking company

since April of 2021; and (5) his employment and family life have been steady. He asserts that termination of his supervised release would help him better support his family financially because he would be able to travel more freely and would qualify for better contracts and routes for his independent trucking company.

## DISCUSSION

18 U.S.C. § 3583(e)(1) provides courts with authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The statute also requires the Court to consider the factors set forth in 18 U.S.C. § 3553. These factors "take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). "Courts have generally held that something more than compliance with the terms of [supervised release] is required to justify early termination; early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *United States v. Arledge*, No. 5:06-CR-18-DCB-JCS, 2015 WL 3504845, at *1 (S.D. Miss. June 3, 2015) (internal citation and quotation marks omitted).

Although the Court commends Reese's personal growth and efforts toward supporting his family financially, Reese has not demonstrated any change of circumstances or exceptionally good behavior justifying early termination of his

supervised release. He has merely complied with the terms of supervised release imposed by the Court. As for the Section 3553 factors, Reese previously violated the terms of supervised release, which weighs against terminating Reese's current term. As a result, Reese's Motion is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [58] Motion for Early Termination of Supervised Release filed by Defendant Damian Lamar Reese is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 7th day of August, 2023.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE